UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA ,

        Plaintiff,

v.                                                  Case Number 95-40320-BC
                                                    Honorable Thomas L. Ludington

CYNTHIA WARE,

        Defendant,

and

OGLETHORPE BANK,

        Garnishee.
_____/

## ORDER DIRECTING PLAINTIFF TO PROVIDE LEGAL AUTHORITY JUSTIFYING ENTRY OF PLAINTIFF'S PROPOSED "GARNISHEE ORDER"

Following the request of Plaintiff United States of America, this Court issued a writ of garnishment as to Defendant Cynthia Ware and Garnishee Oglethorpe Bank on July 29, 2009 pursuant to the procedures outlined in 28 U.S.C. § 3205. [Dkt. # 41]. On August 3, 2009, the writ was served on Garnishee and Defendant via U.S. Mail in accordance with 28 U.S.C. § 3004. [Dkt. # 39]. Now before the Court is Plaintiff's proposed "Garnishee Order" directing the Garnishee to pay "$2,064.53 to the U.S. Department of Justice."

Following service of the writ of garnishment, Garnishee is required to file an answer that contains a statement under oath as to whether Garnishee has "custody, control, or possession" of Debtor's property; "a description of the property" and its value; a description of any "previous garnishments to which such property is subject" and the extent to which remaining property is subject to garnishment under the statute; and the amount of money "garnishee anticipates owing to

the judgment debtor in the future and whether the period for payment will be weekly or another specified period." 28 U.S.C. § 3205(c)(4). In this case, the document filed with the court and purporting to be the answer required by § 3205(c)(4) [Dkt. # 43] does not meet those requirements. Rather, the document is a partiality completed form signed by an unknown person with an illegible signature, and apparently never mailed to Defendant. Although it identifies property of Defendant that is controlled by the Garnishee and the value of that property, the apparent failure of Garnishee to serve Defendant with a copy makes any order directing payment premature.

The statute provides for a "disposition order" only after the garnishee has filed an answer and the time period for the debtor or plaintiff to request a hearing has expired. 28 U.S.C. § 3205(c)(7). Here, Garnishee has filed an answer but Defendant has not been served with that answer. Consequently, it would appear that Defendant's twenty-day period in which he may object to the answer and request a hearing has not even begun to run.

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to provide the Court with legal authority justifying the entry of Plaintiff's "Garnishee Order."

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: August 25, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2009.

> s/Tracy A. Jacobs
> TRACY A. JACOBS

---